## WALTER C. WHITAKER *v.* E. M. GAULT.

**Parties—Necessary Parties.**

In a suit on a traverse bond, it was held that it was not necessary that all the obligors be made parties.

**Principal and Surety—Traverse Bond.**

A surety on a traverse bond was held liable because the traverse was not prosecuted with effect.

APPEAL FROM JEFFERSON CIRCUIT COURT.

March 14, 1873.

OPINION BY JUDGE LINDSAY:

It is too late now to inquire whether the traverse of the finding of the jury in the forcible entry and detainer case of *Gault v. Price* should have been prosecuted to the county court instead of the Court of Common Pleas. The judgment of the latter court was affirmed on appeal by this court, and that judgment is now conclusive as to the validity of the bond sued on. It was not necessary that all the obligors to the bond should have been sued. Appellee had the right to sue all or any of them.

The answer presented no legal ground of defense, and the judgment upon the facts as to damages sustained seems to be for the proper amount.

It is therefore affirmed. In response to petition for rehearing, we would say, that the record shows that the traverse bond was not taken by the Common Pleas Courts, but by Matlock, the justice, who was the proper person to take it. The condition of the bond is that Price and Whitaker would pay to Gault all damages he might sustain by reason and in consequence of the traverse if it should not be prosecuted with effect. It was not prosecuted with effect, hence Whitaker, the surety, is liable.

Petition overruled.

*John C. Walker, for appellant.*

*Bodley & Sumrall, for appellee.*